UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERT BONDS, JR.,

          Plaintiff,

    v.

BRADSHAW,

          Defendant.

Case No. 2:26-cv-01017-DJC-CSK (PS)

ORDER AND FINDINGS & RECOMENDATIONS

(ECF Nos. 1, 2, 3, 4, 5)

Pending before the Court is Plaintiff Albert Bonds Jr.'s application to proceed in forma pauperis ("IFP"), ex parte motion for a temporary restraining order ("TRO"), and ex parte application for an order staying proceedings.[1] (ECF Nos. 2, 3, 4). Plaintiff is appearing without counsel. Pursuant to Local Rule 230(g), the Court submits the motions upon the record and briefs on file.

For the reasons that follow, the Court GRANTS Plaintiff's application to proceed IFP and DISMISSES Plaintiff's First Amended Complaint ("FAC") with leave to amend. Further, the Court recommends DENYING Plaintiff's motion for a TRO and ex parte application to stay proceedings.

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

## I.        PLAINTIFF'S APPLICATION FOR IFP

Plaintiff seeks leave to proceed IFP pursuant to 28 U.S.C. § 1915. (ECF No. 2.) Plaintiff's application in support of the IFP request makes the required financial showing. Accordingly, the Court grants Plaintiff's IFP request.

## II.       SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the

2

complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

## III.   DISCUSSION

### A.   Operative Complaint and Duplicative Filings

Plaintiff initiated this action on March 20, 2026. (ECF No. 1.) On May 20, 2026, Plaintiff filed a First Amended Complaint ("FAC") (ECF No. 5) against Defendants City of Vallejo, Vallejo Police Department, George's Towing Company, and a driver named Gustavo, and Officers Jsesus Becelema, Coleman, Brock, Wherli, and Heron. *Id*. Plaintiff also filed a motion for a TRO and application for an order staying proceedings (ECF Nos. 3, 4). A plaintiff may amend the complaint once as a matter of course no later than 21 days after service. *See* Fed. R. Civ. P. 15 (a)(1). Because Plaintiff filed the FAC before serving the Complaint, Plaintiff has amended the Complaint as a matter of course pursuant to Rule 15(a)(1) and the FAC is the current operative complaint. Therefore, the Court screens the FAC.

On May 28, 2026, Plaintiff filed a Second Amended Complaint and included another TRO in his filing. (ECF No. 6.) Because Plaintiff did not request or obtain leave of court to further amend his complaint as required, *see* Fed. R. Civ. P. 15(a)(2), the Second Amended Complaint (ECF No. 6) is STRICKEN and will be disregarded.

### B.   The FAC

#### 1.   Federal Rule of Civil Procedure 8

The FAC does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A review of Plaintiff's FAC reveals it consists of "[t]hreadbare recitals of the elements" of his causes of action and fails to state a claim for relief under Section 1983. *Iqbal*, 556 U.S. at 678.

42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks omitted). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation and internal quotation marks omitted). To state a cognizable § 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983; *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black, 885* F.2d 642, 645 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 556 U.S. at 679.

Plaintiff's six causes of action against all Defendants include a claim for violation of the Fourth Amendment under Section 1983. FAC. at 1. Plaintiff also alleges a violation of the Bane Act under Cal. Civ. Code § 52.1, conversion under Cal. Civ. Code § 3336, replevin, involuntary depositary under Cal Civ. Code § 2080, and unlawful fees under Cal. Veh. Code § 22851.3. *Id*. Because the Court finds Plaintiff has failed to state a claim under Section 1983, it declines to exercise supplemental jurisdiction over the remaining state claims.

a.   *Section 1983 Claim against Defendant Officers*

The FAC appears to bring a Fourth Amendment claim against all Defendants for unlawful search and seizure of Plaintiff's vehicle. FAC at 4. "The Fourth Amendment, which applies to the states through the Fourteenth Amendment, protects against unreasonable searches and seizures by law enforcement officers." *Holt v. Forsyth*, 2025

4

WL 2654134, at *2 (E.D. Cal. Sept. 16, 2025). "The impoundment of an automobile is a seizure within the meaning of the Fourth Amendment." *Miranda v. City of Cornelius*, 429 F. 3d 858, 862 (9th Cir. 2005).

The FAC alleges Defendants seized Plaintiff's 1972 Cadillac Fleetwood from the curtilage of his home on May 15, 2026 without "a warrant, probable cause, consent, or exigent circumstances." FAC at 2. This allegation groups all Defendants together without further elaboration.

Among the Officer Defendants, the FAC only names Defendant Officer Brock without any additional allegations that connect Defendant to the unlawful search and seizure cause of action. *Id*. The FAC does not refer to any of the additional Officer Defendants. *See* FAC. The FAC fails to give these Defendants notice of the claims and grounds on which they rest and allege their acts with some degree of particularity. *See Kimes*, 84 F.3d, at 1129. Therefore, the Court dismisses Plaintiff's 1983 claim against the Officer Defendants.

b.    *Monell* Liability

Next, the FAC fails to properly allege *Monell* liability against Defendants City of Vallejo and Vallejo Police Department. "In order to establish municipal liability [under *Monell*], a plaintiff must show that a 'policy or custom' led to the plaintiff's injury." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). To impose liability under *Monell*, a plaintiff must show that (1) he was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1994)). The complaint must identify the particular policy that plaintiff alleges caused his constitutional injury. *See Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2002); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (under § 1983, local governments are responsible only for "their own

5

illegal acts," and therefore to impose liability on a local government, plaintiffs must prove that an "action pursuant to official municipal policy" caused their injury) (citations omitted). Further, the policy at issue must be the result of a decision of a person employed by the entity who has final decision or policymaking authority. *Monell*, 436 U.S. at 694. There must be a direct causal link between the policy or custom and the injury, and a plaintiff must be able to demonstrate that his injury resulted from a permanent and well-settled practice. *Anderson*, 451 F.3d at 1070.

The FAC only pleads a theory of *Monell* liability against Defendant City of Vallejo and does not plead *Monell* liability against Defendant Vallejo Police Department. *See* FAC. The FAC only alleges Defendant City of Vallejo "maintain[ed] a policy, custom, or practice of authorizing unconstitutional tows from private property." FAC at 2. This allegation is conclusory and fails to satisfy the elements of a *Monell* claim, thus the Court dismisses Plaintiff's 1983 claim against Defendants City of Vallejo and Vallejo Police Department.

c.    *Improper Defendants Under 42 U.S.C. § 1983*

Last, the FAC fails to allege significant state action against Defendants George's Towing Company and an individual named Gustavo. Generally, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). However, a private entity's action may be "under color of state law" where there is "significant" state involvement in the action. *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (citation omitted). To determine whether actions committed by private actors that allegedly caused the deprivation of a right are fairly attributable to the state, the court must determine whether the depriving party is "a person who may fairly be said to be a state actor." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) (citation omitted).

The FAC does not plead facts to show significant state involvement. *See* FAC. Plaintiff alleges "the City pays George's Towing with taxpayer funds for tows." FAC at 2.

6

However, no additional allegations are brought against Defendant George's Towing and Defendant Gustavo. While the Ninth Circuit has held that towing companies may be state actors under Section 1983 upon a showing of significant state involvement, the FAC fails to make sufficient allegations showing Defendants acted under the color of state law. *See Goichman v. Rheuban Motors, Inc.* 682 F. 2d 1320, 1322 (9th Cir. 1982) (finding a private towing company acted under color of state law at the behest of a police officer and pursuant to a statutory scheme designed to accomplish the state's purpose of enforcing traffic laws). Therefore, the Court dismisses Plaintiff's 1983 claim against the private actors, Defendant George's Towing and Defendant Gustavo.

d.   *State Law Claims*

Plaintiff also seeks to bring a claim pursuant to Cal. Civ. Code § 52.1, along with state law claims under Cal. Civ. Code § 3336, replevin, Cal. Civ. Code § 2080, and Cal. Veh. Code § 22851.3. As discussed above, Plaintiff has failed to state a claim under federal law. Accordingly, the Court will not exercise supplemental jurisdiction under Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3); *Campos v. Fresno Deputy Sheriff's Association*, 535 F. Supp. 3d 913, 931 (E.D. Cal. 2021); *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367-68 (9th Cir. 1992).

2.   Leave to Amend

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). In light of Plaintiff's pro se status, and because it is at least conceivable that Plaintiff could allege additional facts to state claims under Section 1983, the Court finds it appropriate to grant Plaintiff an opportunity to amend the FAC. *See Lopez*, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure – if it appears at all possible the defects can be corrected).

If Plaintiff elects to file an amended complaint, this new pleading should be titled

"Second Amended Complaint," shall allege facts establishing the existence of federal jurisdiction, and must contain a short and plain statement of Plaintiff's claim(s). The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not require the Court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." *Id*. at 1180. The amended complaint must not require the Court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

Plaintiff is informed that the Court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty*., 693 F.3d 896, 927 (9th Cir. 2012).

### C.    Motions for a Temporary Restraining Order

Plaintiff's ex parte motion for a TRO seeks relief in the form of "commanding" Defendants City of Vallejo, Vallejo Police Department, an unnamed Defendant officer, George's Towing, an unnamed driver, and Does 1-50 to (1) release Plaintiff's 1972 Cadillac Fleetwood without payment of fees according to Cal. Veh. Code § 22851.3,

(2) issue an order to show cause why a preliminary injunction should not issue, and also (3) issue an order prohibiting Defendants from "selling, transferring, lien-selling, or damaging the vehicle pending hearing." Pl. TRO at 1-2 (ECF No. 3).

Plaintiff also moves for an ex parte application "for an order staying any further proceedings, sale, transfer, or distribution related to the real property located at 622 Pierce Street, Vallejo, California." Pl. Appl. at 1. (ECF No. 4.) This filing contains a declaration of irreparable harm and memorandum of points and authorities. Accordingly, the Court will construe this filing as an additional ex parte motion for a temporary restraining order.

Because the Court dismissed the FAC with leave to amend, there is presently no operative complaint to this action, and the Court therefore recommends both TROs should be denied without prejudice. *See Carnero v. Elk Grove Financial*, 2017 WL 1315575, at *4 (N.D. Cal. Apr. 6, 2017) (denying a TRO where there was no operative complaint). In addition, the second TRO Plaintiff filed within ECF No. 6 on May 28, 2026, should also be denied because there is presently no operative complaint.

## IV.    CONCLUSION

In accordance with the above, IT IS ORDERED that:

1.    Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;

2.    Plaintiff's First Amended Complaint (ECF No. 5) is DISMISSED with leave to amend;

3.    Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions provided above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed; and

4.    Plaintiff's Second Amended Complaint (ECF No. 6) is STRICKEN.

Further, IT IS RECOMMENDED that:

1.  Plaintiff's motion for a temporary restraining order (ECF No. 3) be DENIED;

2.  Plaintiff's application for an order staying proceedings (ECF No. 4) be

DENIED; and

3. Plaintiff's second motion for a temporary restraining order (ECF No. 6) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  June 2, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, bond.1017.26.screen.tro